IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAHZAR PASHA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-819-D |
| ) | [WO] |
| ) | |
| SCOTT MIDDLEBROOKS, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Mahzar Pasha ["Pasha"], a federal inmate. In this petition, Pasha complains that the respondent relied on an invalid policy in refusing to grant him "more than 46 days' placement (up to 180 days) in a Community Corrections Center." *Petition for Habeas Corpus Relief* at 4.[1] On October 6, 2005, the respondent filed a response to the petition wherein he argues that the application for habeas corpus relief should be dismissed because the petitioner has failed to exhaust available administrative remedies. Specifically, the respondent contends that Pasha's claim must first be presented to the Bureau of Prisons and thoroughly processed through its administrative grievance procedures. *Response of the Respondent - Court Document No. 16* at 5-7.

---

[1] The challenged policy addresses the Bureau of Prison's authority to transfer federal prisoners to community confinement at times other than the period delineated in 18 U.S.C. § 3624(c) and "assumes that the Bureau does have authority to transfer inmates to CCCs prior to completion of 90% of their sentence under 18 U.S.C. § 3621(b), but categorically declines to exercise it." *Response of the Respondent - Court Document No. 16* at 9. This policy became effective on February 14, 2005.

Upon review of the respondent's response, the court entered an order affording the petitioner an opportunity to show cause why his petition should not be dismissed for failure to exhaust administrative remedies. *See Order of October 7, 2005 - Court Document No. 17*. In response to this order, Pasha concedes his failure to exhaust available administrative remedies but argues that "exhaustion should be excused because of imminent irreparable injury and futility . . ." *Petitioner's Response - Court Document No. 18* at 3.

## DISCUSSION

A prisoner seeking habeas relief, including relief pursuant to 28 U.S.C. § 2241, is subject to administrative exhaustion requirements. *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir.), *cert denied,* 541 U.S. 1036 (2004). In the civil context, the inadequate nature of an administrative remedy does not preclude the application of a mandatory exhaustion requirement. *See Alexander v. Hawk,* 159 F.3d 1321, 1325-28 (11th Cir.1998).

"The Bureau of Prisons is . . . responsible for computing [Pasha's] sentence and applying appropriate . . . credit. *U.S. v. Martinez*, 837 F.2d 861, 865-66 (9th Cir. 1988). The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. *U.S. v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990)." These regulations govern formal review of inmate complaints relating to any aspect of their imprisonment and specify the procedures that inmates must pursue prior to seeking relief in federal court. *See* 28 C.F.R. §§ 543.10-16; *United States v. Herrera*, 931

F.2d 761, 764 (11thCir.1991).  "Exhaustion of administrative remedies is jurisdictional." *Gonzalez*, 959 F.2d at 212, citing *United States v. Lucas*, 898 F.2d at 1556.  Thus, an inmate may seek federal habeas relief only when he has pursued available administrative remedies. *Herrera*, *supra*; *see also Winck v. England*, 327 F.3d 1296, 1300 n.1 (11th Cir.2003).

In light of the foregoing, the court concludes that Pasha is required to exhaust available administrative procedures established by the Bureau of Prisons prior to seeking relief from this court.  *Id*.  His subjective belief that exhausting administrative remedies is a futile effort is insufficient to excuse him from first seeking the relief he seeks through the appropriate administrative channels.  *See Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985).  Moreover, there is nothing before this court which indicates that Pasha will suffer irreparable injury.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be DENIED.

2. This case be dismissed without prejudice to afford Pasha an opportunity to exhaust his administrative remedies in accordance with the procedures established by the Bureau of Prisons.

It is further

ORDERED that on or before November 9, 2005 the parties may file objections to the

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this day 26th of October, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE